# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LAND'S END AT SUNSET BEACH COMMUNITY ASSOCIATION, INC.,**

    Plaintiff,

v.                                            Case No. 8:17-cv-1740-T-30TGW

**ASPEN SPECIALTY INSURANCE COMPANY,**

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment (Dkt. 8). The Court, upon review of the motion and the extensive record filed in support of the motion, concludes that Plaintiff's motion for summary judgment should be denied without prejudice as premature.

## DISCUSSION

This is an action for declaratory relief against Plaintiff's general liability insurer, Defendant Aspen Specialty Insurance Company. Plaintiff filed its amended complaint on August 7, 2017 (Dkt. 5). Defendant filed its answer and affirmative defenses on August 11, 2017 (Dkt. 7). The instant motion was filed just three days later, on August 14, 2017 (Dkt. 8). Plaintiff's motion for summary judgment is twenty-six pages and relies on three Declarations and a statement of "Undisputed Facts" that is twenty-seven pages (Dkts. 9-15).

Discovery has not commenced in this case. The parties cannot engage in discovery until they submit their joint case management report and the Court enters its scheduling order. Plaintiff's motion and the extensive record the motion relies upon make clear that it would be inappropriate to consider the motion at this early stage. Simply put, Plaintiff's motion for summary judgment is premature. As stated in *Blumel v. Mylander,* 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 of the Federal Rules of Civil Procedure "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir. 1988). The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted).

At this stage in the litigation, without adequate discovery, Defendant would be unable to respond to the motion, declarations, and twenty-seven pages of purported undisputed facts. Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 8) is denied without prejudice. Plaintiff may reassert the arguments contained in its motion for summary judgment upon the conclusion of discovery.

2. Going forward, the parties should take note that this Court does not accept a separate statement of "undisputed facts." Any motion for summary judgment shall include this section. The Court will consider requests for an enlargement of the page limit under the appropriate circumstances. Multiple motions for summary judgment are disfavored.

**DONE** and **ORDERED** in Tampa, Florida on August 15, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record